

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Joe Kunschik, Commissioner
Bureau of Labor Statistics
Austin, Texas

This Opinion
Overrules Opinion
# 0-1700

Dear Sir:

Opinion No. 0-1700-A
Re: Whether a meeting described is a "convention"

Under date of December 15, 1939, this department rendered its opinion to you, numbered 0-1700, wherein it was held that the annual meeting described in such letter, of the National Boxing Association and the National Wrestling Association, was a "convention", within the meaning of the rider appended to Senate Bill 427, Acts of the 46th Legislature, and therefore your Mr. Swain, who attended such meeting as the representative of your department, was not entitled to reimbursement for traveling expenses incurred in attendance upon such meeting.

In writing opinion No. 0-2664, a copy of which is enclosed, this department has had occasion to review opinion No. 0-1700, and has come to the conclusion that the ruling therein made was erroneous.

As pointed out in several opinions of this department, including opinion No. 0-1700, the popular meaning of the word "convention" is that, generally, of a meeting of members or representatives of delegates of private organizations, parties, clubs, societies, associations, and the like for the accomplishment of objectives common to all. As stated in our opinion No. 0-2664, we have construed the phrase "any type of convention" as having been used by the Legislature in reference to the meetings of such private organizations.

Article 614, Vernon's Revised Penal Code, vests authority in the Commissioner of Labor to enforce the provisions of the Act regulating the promoting, conducting or maintaining of fistic combats, wrestling matches, boxing

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

or sparring contests or exhibitions for money, remuneration, purse or prize equivalent to be received by participants or contestants, or where an admission fee thereto or therefor is charged or received. The act further provides:

"... he is hereby given specific authority to promulgate such rules and regulations as shall become necessary in carrying out the purposes of this Act, .... The definition of the words 'boxer,' 'wrestler,' 'manager,' 'referee,' 'matchmaker,' 'timekeeper,' 'second,' 'promoter,' together with the phrases 'fistic combat,' 'wrestling match', 'boxing contest' as used in this Act shall be accepted as defined by the National Boxing Association and the National Wrestling Association, and the rules governing ring regulations of boxing and wrestling contests or sparring contests or exhibitions, their seconds and referees shall be in accordance with those set out by the National Boxing Association and the National Wrestling Association."

It is our understanding that the National Boxing Association and the National Wrestling Association are composed of officials of the various states whose duties in their respective states require them to supervise in such states boxing and wrestling exhibitions. It is our construction of the foregoing statute that the Legislature specifically contemplated that the Commissioner of Labor, in pursuance to his authority to promulgate rules and regulations, should exercise a voice in determining the rules and regulations to be promulgated by the National Boxing Association and the National Wrestling Association, since the meaning of certain words and phrases used in the Act will be as defined by those Associations, and the rules governing ring regulations of boxing and wrestling contest or sparring contests or exhibitions, their seconds, and referees, promulgated and enforced by the Commissioner of Labor must be in accordance with those set out by the National Boxing Association and the National Wrestling Association. In enacting such provisions into the law, it is our opinion that the Legislature thereby intended to invest the National Boxing Association and the National Wrestling Association

Honorable Joe Kunschik, Commissioner, Page 3

with an official character, insofar as the determination made by these Associations should be binding upon the Labor Commissioner of this State and influence the meaning and interpretation to be placed upon the Texas law regulating boxing and wrestling. In other words, we believe that the above statute, construed as a whole, evidences a legislative intent to regard the National Boxing Association and the National Wrestling Association as official or semi-official agencies of government for such purposes, and specifically contemplates that the Commissioner of Labor or his representative shall participate in such association activities, insofar as the statute contemplates that the activities of these Associations shall be binding upon the Commissioner of Labor in his enforcement of the Texas law.

We therefore hold that the meeting which Mr. Swain attended was a meeting of an official or semi-official instrumentality or agency of government, andnot a meeting of a private organization, so as to fall within the prohibition contained in the departmental appropriation bill against the payment of traveling expenses to "any type of convention within this State or without this State."

Opinion No. O-1700, holding to the contrary, is specifically overruled and withdrawn.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          *R W Fairchild*

R. W. Fairchild
Assistant

RWF:OO

APPROVED AUG 31, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE